IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIORGI MICHILASHVILI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-7686 |
| | : | |
| J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **October 23, 2026**

Petitioner Giorgi Michilashvili brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). Michilashvili was briefly detained after entering the United States in 2023, but he was released on his own recognizance to live with family in the Philadelphia area while his immigration proceedings are pending. Earlier this month, he was taken into custody during a routine immigration check-in, and DHS maintains he is lawfully detained under 8 U.S.C. § 1226(a), in accordance with the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026). This Court has previously held that under § 1226(a)'s discretionary detention framework, the Government must make an individualized custody determination that considers whether the noncitizen is a danger to the community or a flight risk and failure to make such a determination violates procedural due process. *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4-5 (E.D. Pa. June 17, 2026). Because the record does not show Immigration and Customs Enforcement (ICE) made the required individualized determination in Michilashvili's case, the Court will grant the petition and order his immediate release.

**BACKGROUND**

Giorgi Michilashvili is a citizen and native of the country of Georgia who entered the United States on January 16, 2023. Pet. ¶¶ 1, 17, Dkt. No. 1. Shortly after entering, Michilashvili encountered a Border Patrol agent, who arrested him. Pet'r's Ex. 1, Dkt. No. 1-3 at 3. Michilashvili was processed and detained, and Border Patrol initiated removal proceedings against him. *Id.* at 3-4. He was then released on his own recognizance pending a final administrative determination in the removal proceedings. Pet. ¶ 18; Pet'r's Ex. 1, Dkt. No. 1-3 at 1. Following his release, Michilashvili resided with family members in the Philadelphia area where he worked at a signage company. Pet. ¶¶ 1, 18-19. Michilashvili complied with all conditions of his removal proceedings and immigration release, attending all hearings and scheduled check-in appointments. *Id.* ¶ 20. He also submitted an application for asylum and withholding of removal, which remains pending. *Id.*; Pet'r's Ex. 3, Dkt. No. 1-5. His next immigration hearing is scheduled for February 23, 2029. Pet. ¶ 20, Pet'r's Ex. 2, Dkt. No. 1-4.

On October 5, 2026, Michilashvili reported for a routine immigration check-in at the ICE Enforcement and Removal Operations Philadelphia field office and was taken into custody. Pet. ¶¶ 2, 21; Gov't's Ex. B at 2, Dkt. No. 4-2. He was given no prior notice or opportunity to contest his detention, and ICE did not inform him of the reason he was being re-detained or identify any change in circumstances requiring his detention. Pet. ¶ 21. A Form I-213 "Record of Deportable/Inadmissible Alien" dated October 5, 2026 reflects that "[d]ue to available bed space ICE served [Michilashvili] with a Warrant of Arrest, Form I-200, Form I-286, and detained him as a custody redetermination." Gov't's Ex. B at 4, ECF No. 4-2. The Form I-286 "Notice of Custody Determination" is a check-box form, on which an "Authorized Officer" indicated that pursuant to 8 U.S.C. § 1226 and the regulations thereunder, Michilashvili would be "detained by the Department of Homeland Security" pending a final administrative determination in his case.

Gov't's Ex. A, Dkt. No. 4-1. The Form also reflects that that Michilashvili requested review of the custody determination by an immigration judge. *Id.* The Government represents that "ICE is in the process of filing the necessary paperwork with the Immigration Court, which will trigger the scheduling of a bond hearing." Gov't's Resp. 4, Dkt. No. 4. Michilashvili is currently detained in ICE custody at the Federal Detention Center in Philadelphia (FDC). Pet. ¶¶ 8, 22.

On October 6, 2026, Michilashvili filed the instant habeas petition, seeking release on the grounds that his re-detention without pre-deprivation process or materially changed circumstances suggesting he is a flight risk or danger to the community violates his procedural and substantive due process rights under the Fifth Amendment as well as the *Accardi* doctrine. The Government maintains Michilashvili is not entitled to relief because he is lawfully detained under 8 U.S.C. § 1226(a) and has not exhausted his administrative remedies by participating in the requested bond hearing before an immigration judge and, if the decision is unfavorable, appealing it to the Board of Immigration Appeals (BIA). The Government also argues Michilashvili's due process claims fail because no additional process beyond that contemplated by the INA is constitutionally required and his invocation of the *Accardi* doctrine fails because ICE has statutory and regulatory authority to detain him.

**LEGAL STANDARD**

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a petitioner who is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner has the burden of demonstrating the detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**DISCUSSION**

The Government argues Michilashvili is lawfully detained under 8 U.S.C. § 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). As this Court previously recognized in *Dos Reis*, the provision "establishes a discretionary detention framework" whereby the Attorney General "'may continue to detain' a noncitizen or 'may release' the noncitizen on bond or conditional parole."[1] *Dos Reis*, 2026 WL 1746649, at *4 (quoting 8 U.S.C. § 1226(a)). The statute and its implementing regulations provide for an initial custody determination by an authorized immigration officer, which may be reviewed by an immigration judge at a bond hearing with the right of appeal to the Board of Immigration Appeals (BIA). *Id.*; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492-93 (S.D.N.Y. 2025). "The initial custody determination requires 'an individualized determination as to . . . whether the noncitizen is a danger to property or persons and is likely to appear for any future proceedings.'"[2] *Dos Reis*, 2026 WL 1746649, at *4 (quoting *Lopez Benitez*, 795 F. Supp. 3d at

---

[1] This discretionary detention framework is subject to a statutory exception for certain "criminal aliens" under § 1226(c).

[2] Numerous other courts in this district have also concluded § 1226(a) and its implementing regulations require an individualized custody determination. *See e.g.*, *Saint Cloud v. Jamison*, No. 26-7438, 2026 WL 3123166, at *4 (E.D. Pa. Oct. 19, 2026) (Padova, J.); *Basboga v. Jamison*, No. 26-6694, 2026 WL 3033623, at *5 (E.D. Pa. Oct. 9, 2026) (Wolson, J.); *Lopez-Abello v. Jamison*, No. 26-6752, 2026 WL 2981935, at *2 (E.D. Pa. Oct. 5, 2026) (Henry, J.); *Torres Guevara v. Warden Fed. Det. Ctr. Phila.*, No. 26-7077, 2026 WL 2838542, at *2 (Sept. 22, 2026) (Savage, J.); *De Los Santos Medina v. Jamison*, No 26-6800, 2026 WL 2742071, at *4 (E.D. Pa. Sept. 16, 2026) (Rufe, J.); *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) (Beetlestone, J.); *Hernandez Delgadillo v. Blanche*, No. 26-6195, 2026 WL 2569475, at *4 (E.D. Pa. Aug. 31, 2026) (Perez, J.); *see also Parella v. Jamison*, No. 26-7038, 2026 WL 2884454, at *1 n.1 (E.D. Pa. Sept. 23, 2026) (Schmehl, J.) (holding § 1226(a)'s implementing regulations require that a noncitizen be afforded a pre-bond hearing "opportunity to demonstrate that 'release would not pose a danger to property or persons' and that [the noncitizen] is 'likely to appear for' his future bond hearing" (quoting 8 C.F.R. § 1236.1(c)(8)); *Alatoom v. Rife*, No. 26-7178, 2026 WL 3073229, at *1 n.1 (E.D. Sept. 22, 2026) (Kearney, J.) (same). There is some disagreement, however, as to whether the required individualized determination must

493); *see also* 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8) (providing an "officer authorized to issue a warrant of arrest may, in the officer's discretion" release a noncitizen under § 1226(a) if the noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding").[3]

---

occur before the noncitizen is detained. *Compare, e.g.*, *De Los Santos Medina*, 2026 WL 2742071, at *4 ("[B]efore the government can exercise its discretion to detain a noncitizen under § 1226 in the first place, . . . DHS must make an individualized custody determination"), *with Basboga*, 2026 WL 3033623, at *5 ("The individualized custody determination required under Section 1226(a) need not occur before detention, but it should nonetheless be prompt.").

The Government argues § 1226(a) and its implementing regulations do not contemplate any additional process beyond a bond hearing, citing *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018). *See* Gov't's Resp. 8-9, ECF No. 4. As the Government acknowledges, the issue in *Borbot* was whether a noncitizen detained for more than a year under § 1226(a) was constitutionally entitled to a *second* bond hearing at which the Government would bear the burden of proof. *Borbot*, 906 F.3d at 276-77. The Court of Appeals found no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Id.* at 277. The petitioner in *Borbot* had been afforded a prompt bond hearing before an immigration judge, an appeal to the BIA, and the opportunity to obtain a redetermination hearing upon a showing of materially changed circumstances. *Id.* at 278. Because the case concerned the constitutionality of his lengthy post-bond hearing detention, however, the Court of Appeals had no occasion to consider whether he was entitled to an individualized custody determination before the bond hearing. *See De Los Santos Medina*, 2026 WL 2742071, at *7 n.54 (noting "[t]he petitioner in *Borbot* never challenged his initial detention . . . , so the Third Circuit never ruled on whether it violated due process").

[3] Under § 1226(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b); *see also* 8 C.F.R. §§ 236.1(c)(9), 1236(c)(9) ("When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained."). Here, however, the Government maintains Michilashvili is detained under § 1226(a), not § 1226(b). *See* Gov't's Resp. 2, ECF No. 4. And in any event, § 1226(b), like § 1226(a), "requires that the Government actually exercise discretion by making an individualized determination regarding a noncitizen's dangerousness or risk of flight based on changed circumstances." *O.F.C. v. Almodovar*, No. 25-9816, 2026 WL 74262, at *12 (S.D.N.Y. Jan. 9, 2026); *see also id.* at *7.

The Government first argues the petition should be denied because Michilashvili has failed to exhaust his administrative remedies by participating in a bond hearing before an immigration judge and appealing any adverse decision to the BIA. This Court has previously recognized "[e]xhaustion under § 2241 is . . . prudential" and may be excused "if 'administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.'" *Dos Reis*, 2026 WL 1746649, at *3 (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)). Although courts in this district are divided on the issue, *see* Gov't's Resp. 2 (collecting cases), ECF No. 4, this Court and numerous others have held exhaustion is excused for petitioners challenging their detention under § 1226(a) without an individualized custody determination on due process grounds. *See, e.g.*, *Basboga v. Jamison*, No. 26-6694, 2026 WL 3033623, at *3 (E.D. Pa. Oct. 9, 2026) (finding exhaustion would be futile because the BIA lacks authority to adjudicate petitioner's due process challenge to the process by which ICE detained him under § 1226(a)); *Dos Reis*, 2026 WL 1746649, at *3 (excusing exhaustion in these circumstances because (1) petitioner "challenge[d] the legality of the initial deprivation of liberty" and "[a] later bond hearing does not necessarily cure the alleged constitutional violation that preceded it" and (2) the administrative remedy of a bond hearing was not presently available while petitioner was detained at the FDC, which "does not facilitate virtual hearings for ICE detainees"). The Court is not persuaded to take a different position here.

As to the merits of Michilashvili's due process challenge, the record before the Court shows ICE did not make an individualized custody determination taking into account the considerations of dangerousness and flight risk. An authorized officer completed a Form I-286 "Notice of Custody Determination" for Michilashvili on October 5, 2026, the same day he was arrested and

taken into custody. Gov't's Ex. A, Dkt. No. 4-1. But as in *Dos Reis*, "[t]he Form I-286 simply reflects that Petitioner is 'Detained' with no explanation or reasoning as to why the authorizing officer made that determination." 2026 WL 1746649, at *4; *see* Gov't's Ex. A, Dkt. No. 4-1. Moreover, the Form I-213 reflects that Michilashvili was arrested and detained "as a custody redetermination" based on "available bed space." Gov't's Ex. B at 4, Dkt. No. 4-2. As other courts in this district have recognized, "[t]he availability of bed space is not an individualized determination about Mr. [Michilashvili] under Section 1226(a)" because it "contains no connection to whether [he] is a danger to community or a flight risk, nor does it address any other issue that might impact ICE's exercise of its discretion under the statute." *Basboga*, 2026 WL 3033623, at *5; *see also Lopez-Abello*, 2026 WL 2981935, at *2.

As in *Dos Reis*, applying the *Mathews v. Eldridge*[4] balancing test, the Court concludes Michilashvili's continued detention violates his procedural due process rights. The first factor—"the private interest that will be affected by the official action"—strongly favors Michilashvili because "[f]reedom from physical confinement 'lies at the heart of the liberty that [the Due Process] Clause protects.'" *Dos Reis*, 2026 WL 1746649, at *5 (alteration in original) (first quoting *Mathews*, 424 U.S. at 335, then quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). The second factor—"the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"—also favors Michilashvili. *Mathews*, 424 U.S. at 335. "The risk of erroneous deprivation is high when ICE detains a person without identifying why that person presents a danger or flight risk." *Dos Reis*, 2026 WL 1746649, at *5. And here, the record suggests the opposite. When Michilashvili

[4] 424 U.S. 319 (1976).

was initially arrested and detained less than four years ago, he was released on his own recognizance, and has complied fully with the terms of his release in the interim. He also has no previous criminal record, no outstanding warrants, and no identified gang or criminal organization membership. Gov't's Ex. B at 3-4, ECF No. 4-2. In these circumstances, the probable value of the individualized custody determination contemplated by the statute is substantial. As to the final *Mathews* factor—"the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail"—the Court recognizes the Government "has legitimate interests in ensuring appearance at removal proceedings and protecting the community." *Dos Reis*, 2026 WL 1746649, at *5. But those interests "support detention only when the Government connects them to the individual detainee," which it has not done here. *Id.* Meanwhile, "[t]he process § 1226(a) contemplates—requiring ICE to make and document a particularized custody determination—imposes no undue burden." *Id.* The Court therefore concludes that, on balance, Michilashvili's continued detention violates due process and that the proper remedy for his unlawful detention is release. *See id.*

**CONCLUSION**

Accordingly, the Court will grant Michilashvili's Petition for Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.